**CASE NO. 18-56414**
May 11, 2023 panel decision; Chief Judge Mary H. Murguia,
Circuit Judge Kim McLane Wardlaw and Circuit Judge Eric D. Miller (dissent)

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

**TERENCE TEKOH**
*Plaintiff-Appellant,*

v.

**COUNTY OF LOS ANGELES; DENNIS
STANGELAND, Sergeant; CARLOS VEGA, Deputy**
*Defendants-Appellees.*

and

**LOS ANGELES COUNTY SHERIFF'S DEPARTMENT,**
*Defendant*
_____

**PETITION FOR PANEL REHEARING
AND REHEARING EN BANC**
_____

On Appeal From The United States District Court
For The Central District of California
District Court Case 2:16-cv-07297-GW-SK (Judge George Wu, Presiding)

On remand from United States Supreme Court, Case No. 21-499
_____

HURRELL CANTRALL LLP
MELINDA CANTRALL, STATE BAR NO. 198717
725 S. FIGUEROA ST., SUITE 3800
LOS ANGELES, CALIFORNIA 90017
T: (213) 426-2000; F (213) 426-2020
E-MAIL: MCANTRALL@HURRELLCANTRALL.COM
*Attorneys for Defendants-Appellees, COUNTY
OF LOS ANGELES, DENNIS STANGELAND,
Sergeant; CARLOS VEGA, Deputy*

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION AND RULE 35(b)(1)1 AND RULE 40(b)(2)
    STATEMENT...................................................................................1

ARGUMENT .........................................................................................7

I.    IN CONTRAST TO CONTROLLING PRECEDENT, THE PANEL'S
      DECISION FAILS TO PROPERLY APPLY THE *ABUSE OF
      DISCRETION STANDARD* TO THE DISTRICT COURT'S RULING
      TO EXCLUDE THE TESTIMONY OF THE PLAINTIFF'S "FALSE
      CONFESSIONS" EXPERT AT TRIAL……………………………………7

      A.    THE DISTRICT COURT'S RULING TO EXCLUDE THE
            EXPERT'S OPINIONS REGARDING WHETHER THE
            CONFESSION WAS ACTUALLY FALSE BASED UPON
            *LAWFUL INTERROGATION TACTICS* WAS NOT AN ABUSE
            OF DISCRETION…………………………………………………….9

      B.    THE DISTRICT COURT'S RULING THAT THE EXPERT,
            WHO WAS NOT A PERCIPIENT WITNESS, SHOULD NOT
            OFFER CREDIBILITY DETERMINATIONS DURING TRIAL
            WAS NOT AN ABUSE OF DISCRETION……………………… .13

      C.    THE DISTRICT COURT'S RULING THAT THE EXPERT'S
            OPINIONS REGARDING EXTREME, COERCIVE
            INTERROGATION TACTICS WERE UNNECESSARY FOR
            THE JURY TO RESOLVE THE CASE, WAS PLAINLY NOT
            AN ABUSE OF DISCRETION…………………………………..15

CONCLUSION ....................................................................................18

CERTIFICATE OF COMPLIANCE………………………………………...19

ADDENDUM SUBMITTED PURSUANT TO CIRCUIT RULE 28-2.7.............20

CONSTITUTIONAL PROVISIONS ....................................................20

# TABLE OF AUTHORITIES

**Page**

## CASES

*Boyd v. City & County of San Francisco*, 576 F3d 938 (9th Cir. 2009) ..................7

*Cunningham v. City of Wenatchee*, 345 F.3d 802 (9th Cir. 2003) ...........................8

*General Elec. Co. v. Joiner*, 522 U.S. 136 (1997)..................................................1,7

*Hemmings v. Tidyman's Inc.*, 285 F.3d 1174 (9th Cir. 2002)..................................12

*Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999)....................................1,7

*Lunbery v. Hornbeak*, 605 F.3d 754 (9th Cir. 2010) ..................................................5

*Mascarenas v. Smith*, 2016 WL 4950855 (D. Nev. 2016) ......................................11

*Purcell v. Biter*, 2015 WL 1383541 (C.D. Cal. 2015)............................................16

*Tekoh v. Cnty. of Los Angeles*, 2021 WL 139725 (9th Cir. 2021) ...........................2

*Torres v. Johnson Lines*, 932 F.2d 748 (9th Cir.1991)...........................................16

*U.S. v. Antone*, 412 Fed.Appx. 10 (9th Cir. 2011)................................................1,11

*U.S. v. Benally*, 541 F.3d 990 (10th Cir. 2008) ...................................................1, 10

*U.S. v. Begay*, 497 F.Supp.3d 1025 (D.N.M. 2020) ...............................................10

*U.S. v. Byram*, 145 F.3d 405 (1st Cir. 1998) .........................................................11

*U.S. v. Candoli*, 870 F.2d 496 (9th Cir. 1989)…………………………….......... 14

*U.S. v. Cazares*, 788 F.3d 956 (9th Cir. 2015).........................................................8

*U.S. v. Cordoba*, 194 F.3d 1053 (9th Cir. 1999) ....................................................12

*U.S. v. Crawford*, 372 F.3d 1048 (9th Cir. 2004) ...................................................11

*U.S. v. Deputee*, 349 Fed.Appx. 227 (9th Cir. 2009).........................................1,10

*U.S. v. Franco*, 745 Fed. Appx. 285 (9th Cir. 2018)…………………………...1,13

*U.S. v. Hanna*, 293 F.3d 1080 (9th Cir. 2002)…………………………….......... 15

*U.S. v. Jacques*, 784 F.Supp.2d 59 (D.Mass. 2011) ...............................................10

*U.S. v. Redlightning*, 624 F.3d 1090 (9th Cir. 2010) ................................................9

*U.S. v. Sammons*, 55 F.4th 1062 (6th Cir. 2022) ................................................1, 10

*U.S. v. Sequi*, 2007 WL 9757900 (D. Mont. 2007) ................................................15

*Vega v. Tekoh*, 142 S. Ct. 2095 (2022) ................................................2

## **OTHER AUTHORITIES**

42 U.S.C. § 1983 ................................................ 1, 2, 3, 20

# INTRODUCTION AND RULE 35(b)(1)

# AND RULE 40(b)(2) STATEMENT

Defendant-Appellee Deputy Carlos Vega ("Defendant" or "Deputy Vega") respectfully seeks a rehearing en banc and/or by the panel from the panel's decision, which conflicts with Supreme Court precedent requiring that wide deference be given to a district court's decision to exclude an expert at trial under the *abuse of discretion* standard,[1] and creates an intracircuit[2] and intercircuit[3] split regarding a district court's ability to exclude opinions by an expert on "false confessions."  Furthermore, in a civil trial brought under 42 U.S.C. § 1983, *the relevant issue is whether a police officer acted unlawfully*, not the subjective reasons as to why an allegedly innocent suspect may confess.  Whether a plaintiff must be permitted to introduce opinions by a "false confessions" expert to testify as to the reliability of his own confession in a *civil trial* addressing whether a *police officer's tactics were lawful* is a matter of widespread, exceptional importance warranting rehearing en banc and/or by the panel.

---

[1] *General Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997); *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 142 (1999).

[2] See *U.S. v. Antone*, 412 Fed.Appx. 10, 11 (9th Cir. 2011); *United States v. Franco*, 745 Fed. Appx. 285, 286 (9th Cir. 2018); *U.S. v. Deputee*, 349 Fed.Appx. 227, 229 (9th Cir. 2009).

[3] See e.g., *U.S. v. Benally*, 541 F.3d 990, 994 (10th Cir. 2008); *United States v. Sammons*, 55 F.4th 1062, 1072 (6th Cir. 2022).

This matter is a 42 U.S.C. § 1983 action arising from allegations by Plaintiff-Appellant Terence B. Tekoh ("Plaintiff" or "Mr. Tekoh") that Deputy Vega used coercive tactics during an interrogation in violation of his Fifth Amendment right against self-incrimination, which resulted in Plaintiff writing a confession letter wherein he admitted to the inappropriate sexual touching of a female patient in a hospital where he was employed.

The panel's May 11, 2023, decision was issued after the panel's initial opinion was reversed by the United States Supreme Court in *Vega v. Tekoh*, 142 S. Ct. 2095 (2022). Following remand from the Supreme Court, the panel again ruled that the defense judgment should be overturned and a new trial should take place, this time based upon an evidentiary ruling by the district court.[4] However, the panel failed to apply the proper *standard of review* to the district court's ruling that Plaintiff's expert on "false confessions" should not be allowed to testify as the expert's testimony was not relevant to the pertinent issues and would not assist the jury, infringed upon the jury's role to determine credibility and would confuse the issues, and would amount to an undue consumption of time. (ER 550.) As

---

[4] Prior to reversal by the Supreme Court, the panel had ordered a new trial based on the lack of a *Miranda* instruction, but stated: "On remand, *we leave it to the district court to consider whether the expert should be permitted to testify* given the questions that remain." *Tekoh v. Cnty. of Los Angeles*, 2021 WL 139725 (9th Cir. 2021), rev'd and remanded sub nom. *Vega v. Tekoh*, 142 S. Ct. 2095 (2022) (emphasis added).)

recognized by Judge Eric D. Miller in his dissent, not only did the Plaintiff fail to show the district court *abused its discretion* in excluding the expert, the Plaintiff "*has not come close to meeting that standard*."  (Ex. A, Dissent at p. 3 (emphasis added).)

Plaintiff maintained the expert should be allowed to testify as to "minimization" tactics police officers may *lawfully* employ during an interrogation to attempt to downplay the repercussions of a confession, in addition to "maximization" tactics, which are extreme forms of coercion.  The district court properly ruled that the expert's testimony should be excluded in this *civil action* against Deputy Vega, where the pertinent issue to be resolved is *whether Deputy Vega acted unlawfully*.  (See Excerpts of Record ("ER") 547.)  Expert opinions in a civil trial regarding legal "minimization" tactics used during an interrogation are irrelevant and confuse the issues, and expert opinions regarding "maximization" tactics are unnecessary to the trier of fact to reach a decision as to whether those tactics were unlawful.

Indeed, unlike a criminal trial where a suspect may attempt to explain why subtle "minimization" interrogation tactics actually elicited his false confession and where the trier of fact is attempting to determine the truth of the suspect's statement, *the relevant issue in civil 42 U.S.C. § 1983 action is whether the officer unlawfully violated the Plaintiff's Fifth Amendment rights*.  The relevant issue in a

civil action is not the psychological reasons as to why a suspect may falsely confess to a crime if he is innocent, which is a topic a criminal suspect may wish to explore during criminal proceedings or a trial to convict the suspect of a crime, in an attempt to explain his actions.[5]

Here, Plaintiff *conceded* it was *lawful* for Deputy Vega to allegedly lie to the Plaintiff regarding the existence of a videotape of the incident and to use minimization tactics or evidence ploys. (ER 547-548.) Although Plaintiff agreed that such tactics were not illegal *and thus could not show unconstitutional conduct by the police officer,* the panel found the district court abused its discretion in ruling that the expert's opinions on minimization tactics and whether Deputy Vega used an evidence ploy regarding the existence of a videotape of the incident, were not relevant and would confuse the issues. (Ex. A, p. 3.) The panel also found the expert's testimony would help the jury understand "why just asking questions can be coercive." (Ex. A, p. 5 (emphasis added).) Plainly, it is not *unconstitutional* for a deputy to ask questions of a suspect. In contrast to the findings by the panel, the foregoing issues were not the "heart" of Plaintiff's case – the heart of the case was

---

[5] Tellingly, *all* of the Plaintiff's expert's prior testimony related to *criminal* trials. (ER 499-500, 459.)

*the lawfulness of Deputy Vega's conduct*, and not whether Plaintiff's confession was actually false.[6]

As correctly found by the district court, the expert's opinions were irrelevant and an impermissible attempt by the expert to confuse the issues and rehabilitate the credibility of the Plaintiff by exploring why he may have falsely confessed if he was innocent, instead of offering relevant opinions as to whether Deputy Vega acted *unlawfully* in questioning the Plaintiff. An expert who is not a percipient witness is not allowed to make credibility determinations and vouch for a plaintiff's version of the events at trial. Plaintiff's expert actually intended to testify that it was "*important to critically evaluate the reliability of Deputy Vega's account of events.*" (ER 494.)

Furthermore, expert testimony was obviously not needed to comment upon the alleged *unlawful "maximization" tactics* by Deputy Vega of allegedly threatening the Plaintiff and his family with deportation if he did not confess and putting his hand on his gun in a threatening gesture to allegedly compel Plaintiff to write the confession letter. Clearly, as found by the district court, if Plaintiff's version of the events were believed, it was not beyond the jury's commonsense

---

[6] Of note, the concurring opinion relied upon by the panel in *Lunbery v. Hornbeak*, 605 F.3d 754, 755 (9th Cir. 2010), addressed an appeal of the denial of a petition for a writ of habeas corpus, and was not a civil action regarding the lawfulness of a police officer's conduct.

knowledge to find that the officer's conduct was unlawfully coercive and violated Plaintiff's Fifth Amendment right against self-incrimination. The district court even offered to so instruct the jury (ER 549), and its rulings certainly were not manifestly erroneous.

Notably, barring situations where an officer knew that a plaintiff was a minor or had a mental disorder or diminished mental capacity in which case testimony by an expert may *arguably* be relevant,[7] *it is extremely doubtful that a "false confessions expert" should ever be allowed to testify in a civil action to determine, not whether the confession was actually false, but whether a police officer acted lawfully.* The district court gave careful consideration to whether the expert should be allowed to testify, repeatedly addressing the issue on *multiple* occasions,[8] and found that the expert's testimony should be excluded, unless the defense opened the door as to certain topics. Clearly, it was not an *abuse of discretion* for the district court to exclude the expert, and a rehearing should be granted en banc and/or by the panel.

---

[7] Even in these scenarios, the necessity of an expert testimony is dubious.

[8] ER 541-551, 41-43, 177-189, 203-204, 1187-1193, 1283-1284, 1388-1399, 1459-1467. As demonstrated by the foregoing passages, the district court carefully performed its role as gatekeeper to determine the relevance of the proposed expert testimony.

# ARGUMENT

## I. IN CONTRAST TO CONTROLLING PRECEDENT, THE PANEL'S DECISION FAILS TO PROPERLY APPLY THE *ABUSE OF DISCRETION STANDARD* TO THE DISTRICT COURT'S RULING TO EXCLUDE THE TESTIMONY OF THE PLAINTIFF'S "FALSE CONFESSIONS" EXPERT AT TRIAL.

Pursuant to Supreme Court precedent, a Court of Appeals must not apply an overly stringent review where a district court excludes an expert testimony. *General Elec.*, 522 U.S. at p. 143. Rather, an appellate court must "give the trial court the deference that is the hallmark of abuse-of-discretion review." *Id.* at p. 142. The *Daubert* standard applies to all expert testimony, and the Federal Rules of Evidence "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation *and is relevant to the task at hand*." *Kumho Tire,* 526 U.S. at p. 137 (emphasis added). The district court is the gatekeeper to decide the relevancy of an expert's opinion. *Id.*

Where an abuse of discretion standard applies, the Court of Appeals is not to reverse, simply because it would have ruled differently; rather, an abuse of discretion will be found only if the appellate court is firmly convinced that "the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Boyd v. City & County of San Francisco*, 576 F3d 938, 943 (9th

Cir. 2009); *U.S. v. Cazares*, 788 F.3d 956, 976 (9th Cir. 2015) (a district court's rulings on the admissibility of expert testimony will be reversed only if "manifestly erroneous").

Plaintiff's sole remaining claim is against Deputy Vega for a violation of his Fifth Amendment right against self-incrimination. To prevail, the Plaintiff was required to prove Deputy Vega used *unlawful* coercion interrogation tactics viewed from an objective standpoint. See *Cunningham v. City of Wenatchee*, 345 F.3d 802, 810 (9th Cir. 2003).

The Plaintiff sought to introduce opinions by a "false confessions" expert who planned to offer numerous opinions regarding: (1) the "reliability" of Plaintiff's confession based upon *lawful* interrogation tactics; (2) credibility determinations; (3) and obvious coercion based upon Plaintiff's version of the events. The expert's proposed opinions are set forth in the Rule 26 Report. (ER 482-497). The district court properly ruled the expert's testimony was unnecessary to the jury's resolution of the issues, had the potential to confuse the jury, and would amount to an undue consumption of time. (ER 550.) In denying Plaintiff's motion for a new trial on the issue,[9] the district court indicated the expert's report included contentions and studies which were irrelevant to the case; Plaintiff

---

[9] This case was already tried twice before a jury, both resulting in defense verdicts; the panel has now ordered a third trial.

appeared to be trying to use the expert to simply vouch for his version of the events, but she was not a percipient witness; and if the jury believed Plaintiff's version of the events, his confession was clearly coerced and her opinion added nothing of substance.  (ER 42.)

The panel failed to afford the district court's carefully considered rulings regarding the admissibility of the expert's opinions, the wide deference required under established precedent.  The expert's opinions were highly prejudicial to the defense, and properly excluded under Rules 702 and 403 of the Federal Rules of Evidence.  In fact, as shown below, not only was the district court acting within its discretion to exclude the foregoing opinions in its role as gatekeeper of expert testimony, it would have been an abuse of discretion to *allow* the expert to testify.

## A. THE DISTRICT COURT'S RULING TO EXCLUDE THE EXPERT'S OPINIONS REGARDING WHETHER THE CONFESSION WAS ACTUALLY FALSE BASED UPON *LAWFUL INTERROGATION TACTICS* WAS NOT AN ABUSE OF DISCRETION.

Under *Daubert* and Rule 702, expert testimony is only relevant if it will assist the trier of fact to understand the evidence or to determine a fact in issue, and the trial judge must perform a gatekeeping function to ensure that the expert's proffered testimony is both reliable and relevant.  *U.S. v. Redlightning*, 624 F.3d 1090, 1111 (9th Cir. 2010).  As indicated, the trial court properly found the

expert's proffered opinions regarding *lawful* tactics, was not necessary to the resolution of any fact. (ER 547.) The panel's decision conflicts with *U.S. v. Deputee*, 349 Fed.Appx. 227, 229 (9th Cir. 2009), wherein the district judge reasonably excluded the testimony of the false confessions expert, in part because the expert's testimony would not be helpful to the jury. See also *Benally,* 541 F.3d 990, 994 (excluding false confessions expert as opinions amounted to a credibility determination and were inadmissible under Rule 702); *United States v. Sammons*, 55 F.4th 1062, 1072 (6th Cir. 2022) (confessions expert's testimony amounted to little more than vouching for suspect's credibility with the weight of a Ph.D.); *United States v. Begay*, 497 F.Supp.3d 1025, 1073 (D.N.M. 2020) (false confession expert testimony is generally precluded in Tenth Circuit as unfairly prejudicial – "abstract" false confession expert testimony is irrelevant, while "applied" false confession expert testimony is unfairly prejudicial); *U.S. v. Jacques*, 784 F.Supp.2d 59, 63 (D.Mass. 2011) (expert witness's proffered testimony that defendant's confession was unreliable amounted to an improper opinion).

The expert intended to offer opinions that Plaintiff's confession was "unreliable," and that, "[f]rom a scientific and professional perspective, the content of this statement, as a key piece of evidence of the alleged crime is poor quality." (ER 485.) In addition, the expert intended to testify that the interrogation of Plaintiff included a "false evidence ploy" suggesting that a video of Mr. Tekoh

committed the crime existed, and that Plaintiff's written statement has evidence of minimizing tactics and exercises typically used by interrogators to downplay the offense and to influence suspects to confess. (ER 485.)

During the hearing on Defendant's motion *in limine* (ER 448; see also 1300, 1214) to exclude Plaintiff's expert, Dr. Blandón-Gitlin, Plaintiff's counsel *agreed* that police are allowed to lie and come up with false information, and the court responded that since the use of false statements are not unlawful and is an appropriate tactic, the confession could not be deemed unlawfully coerced. (ER 547-548.) Plaintiff's counsel further conceded that, although a "dangerous tactic," *an evidence ploy is not in itself illegal*. (ER 1467.) The court responded that the issue is not whether it was a "dangerous tactic," but whether it was lawful, so the expert's approach was contrary to the case law on the area. (ER 1467-1468.) *U.S. v. Crawford*, 372 F.3d 1048, 1060 (9th Cir. 2004) (trickery and deceit generally do not render a confession inadmissible); *U.S. v. Byram*, 145 F.3d 405, 408 (1st Cir. 1998) (police commonly engage in trickery or ruses during the interrogation of a suspect); *Mascarenas v. Smith*, 2016 WL 4950855, at *5 (D. Nev. 2016) (both the Supreme Court and the Ninth Circuit Court of Appeals have held that deception regarding the existence of incriminating evidence is generally within the range of permissible interrogation tactics).

Indeed, the court instructed the jury that a confession is improperly coerced or compelled if a police officer uses physical or psychological force or threats *not permitted by law* to undermine a person's ability to exercise his or her free will. (ER 12.) Plainly, allowing the expert to testify as to her irrelevant opinions regarding any *permissible tactics* allegedly utilized by Deputy Vega would only have confused the issues and been highly prejudicial to the defense. As correctly found by the trial court, the relevant issue was *not* an abstract discussion as to why an innocent person would confess to a crime and the impact of the confession on a criminal jury.[10] (ER 41, 178-180, 182, 216-217, 221-222.)

Respectfully, under the controlling standards, the district court plainly did not exceed all bounds of reason in exercising its gatekeeping function under Rule 702 to exclude expert testimony that would not assist the trier of fact in assessing whether Deputy Vega acted unlawfully. The district court further did not abuse its discretion to exclude the testimony under Rule 403, given that the testimony would confuse the issues and amount to an undue consumption of time. (ER 550.) *Hemmings v. Tidyman's Inc*., 285 F.3d 1174, 1184 (9th Cir. 2002) (district court's enjoy "wide latitude" in applying Rule 403); *U.S. v. Cordoba*, 194 F.3d 1053, 1062-63 (9th Cir. 1999) (considerable deference given to district court's weighing

---

[10] The district court further found that in the context of this case, Plaintiff was arguing that his entire confession was dictated by Deputy Vega; accordingly, Plaintiff was not "minimizing" anything, in any event. (ER 1466.)

process under Rule 403); *Franco,* 745 Fed. Appx. at p. 586 (district court did not

abuse its discretion by excluding testimony from a "false confession" expert

because the court determined the probative value of the proposed testimony

outweighed its potential for unfair prejudice); *Benally,* 541 F.3d 990, 994 (in

addition to being properly excluded under Rule 702, testimony of false confessions

expert was also properly excluded under Rule 403, as testimony was prejudicial

and would unduly influence the jury).

In a case involving allegations of police misconduct, a district court does not

act manifestly erroneously in precluding an expert from testifying as to police

tactics with which the expert disagrees, *where it is conceded by the plaintiff that*

*those tactics are lawful*, as this would certainly confuse the issues. *Allowing* the

testimony would have been reversible error.

## B. THE DISTRICT COURT'S RULING THAT THE EXPERT, WHO WAS NOT A PERCIPIENT WITNESS, SHOULD NOT OFFER CREDIBILITY DETERMINATIONS DURING TRIAL WAS NOT AN ABUSE OF DISCRETION.

The panel's decision conflicts with *Antone*, 412 Fed.Appx. at p. 11, wherein

the Ninth Circuit stated that: "Although the expert testimony regarding false

confessions met the *Daubert* reliability test, the district court excluded the

testimony because of the danger that it would usurp the jury's function of resolving

the relative credibility of the witnesses. The district court's decision to exclude the

expert testimony was squarely within its discretion." *Id.*, at p. 11; see also *Benally,* 541 F.3d 990, 994-95 (testimony by false confessions expert to essentially disregard the confession was the same as an opinion to credit the suspect's testimony that his confession was a lie; vouching for the credibility of another witness encroaches upon the jury's function to make credibility determinations and does not assist the trier of fact, and may be deemed inadmissible under Rule 702).

Plaintiff's expert intended to testify to the jury that: "Given all of these issues with memory or incorrect reports, *it is important to critically evaluate the reliability of Deputy Vega's account of events.*" (ER 494.) The expert further planned to testify regarding a *design* to create a convincing confession, and that the details of the crime that the deputy did not know "can be guessed." (ER 485.) Obviously, the foregoing opinions are impermissible expert testimony and it would have been highly prejudicial and an abuse of discretion to allow such testimony before the jury.

In assessing whether Plaintiff's expert should testify, the district court specifically indicated that it was improper for an expert to be used to bolster or vouch for the Plaintiff's credibility. (ER 545-546, 43.) *See United States v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989) (an expert witness is not permitted to testify in such a manner as to improperly buttress a witness' credibility); see also *Benally*, 541 F.3d at pp. 994–995 (expert testimony on false confessions would

inevitably encroach upon jury's exclusive function to make credibility determinations); and *United States v. Sequi*, 2007 WL 9757900, at *2 (D. Mont. 2007), aff'd 303 Fed.Appx. 396 (9th Cir. 2008) (the jury can assess the credibility of the witnesses and the effect and the circumstances surrounding the interview on the validity of the defendant's statement without the necessity of plaintiff's confessions expert).

The district court explained Plaintiff appeared to be trying to use Dr. Blandón-Gitlin to simply vouch for his version of the events, but she was not a percipient witness. However, the district court left the door open for the expert to serve as a rebuttal witness based on the case by the defense (ER 183-185, 1394-1396), and advised Plaintiff to meet and confer regarding the proposed testimony by the expert. (ER 1396.) The district court's careful consideration of the admissibility of the expert's opinions was not an abuse of discretion.

## C. THE DISTRICT COURT'S RULING THAT THE EXPERT'S OPINIONS REGARDING EXTREME, COERCIVE INTERROGATION TACTICS WERE UNNECESSARY FOR THE JURY TO RESOLVE THE CASE, WAS PLAINLY NOT AN ABUSE OF DISCRETION.

Expert testimony assists the trier of fact only if it addressed an issue beyond the common knowledge of the trier of fact. *United States v. Hanna*, 293 F.3d 1080, 1086 (9th Cir. 2002); *Torres v. Johnson Lines*, 932 F.2d 748, 751 (9th

Cir.1991) (expert testimony properly excluded where record did not reveal "any specific evidence that was so technical or complex that a jury could not have grasped it without the aid of experts"); *Purcell v. Biter*, 2015 WL 1383541, at *11 (C.D. Cal. 2015) (lay jurors' common experience allows them to understand someone might falsely confess to save himself or his family from physical injury; the average person does not need an expert to explain why a false confession might occur under those circumstances).

Plaintiff's expert planned to testify that "[t]he interrogation appeared to have included maximization tactics suggesting Mr. Tekoh and his family would be deported back to Africa if he did not confess." (ER 485.)

In ruling on Defendant's motion *in limine* to exclude the expert, the district court indicated that, assuming Plaintiff's version of the incident was correct, an expert was not needed to explain to the jury why coercion occurred, because the jury could determine the issue on its own, given that Plaintiff claimed he was physically threatened and verbally threatened with deportation. (ER 541-550.)

In ruling on plaintiff's motion for new trial before the second trial, the district court again noted that Plaintiff testified that Defendant Vega browbeat him both physically and verbally, including threatening to deport Plaintiff and his family, and forcing him to write a confession, which Deputy Vega dictated; thus, the district court found that a reasonable juror would not need the assistance of a

person with specialized knowledge to understand that those conditions, if true, would clearly give rise to a false and coerced confession.  (ER 43.)

In again addressing the issue prior to the second trial, the district court indicated an expert was not necessary for the jury to understand the Plaintiff's claims.  (ER 181, 217, 1463.)  The district court explained that if an officer threatens to deport a suspect's family or puts his hand on his gun, which Plaintiff was going to testify to, there would be coercion, and an expert was not needed on this topic.  (ER 1391, 220-221.)

However, the district court advised Plaintiff's counsel that he could keep the expert on standby, and if an argument was made by defense counsel that there was no coercion even if what Plaintiff said was true, the court would allow her to be a rebuttal witness.  (ER 218, 1464.)  Otherwise, the court explained that the jury is supposed to make the decision as to how a reasonable person would view the alleged coercion, and therefore an expert was not needed.  (ER 1465.)

Plainly, the district court's decision to exclude the expert was not an abuse of discretion, as identifying extreme, unlawful coercion is clearly not outside of a layperson's realm of understanding.

Moreover, as found by the district court, any alleged error was not prejudicial, as the jury heard hours of conflicting testimony from Plaintiff and his witnesses regarding Deputy Vega's alleged threats and improper coercion, which

Deputy Vega vehemently denied; thus, the matter came down to a question of credibility, and the proposed expert testimony in this regard would not have altered appreciably the jury's findings. (ER 43.) In addition, Plaintiff has waived any challenge to the defense judgment on Plaintiff's Fourteenth Amendment claim (DktEntry 72, p. 5, n.2) following the first trial of this matter, in which the jury already found the Plaintiff did not prove Deputy Vega violated Plaintiff's rights by using coercive and abusive techniques. (ER 59.)

## CONCLUSION

Based upon the foregoing, Deputy Vega respectfully seeks a rehearing en banc and/or by the panel.


DATED: May 25, 2023        HURRELL CANTRALL LLP


By:   /s/ *Melinda Cantrall*
        MELINDA CANTRALL, ESQ.
        Attorneys for Defendants-Appellees,
        COUNTY OF LOS ANGELES, DENNIS
        STANGELAND, Sergeant; CARLOS
        VEGA, Deputy

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**Form 11. Certificate of Compliance for Petitions for Rehearing/Responses**

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form11instructions.pdf*

**9th Cir. Case Number(s)**:   18-16414

I am the attorney or self-represented party.

I certify that pursuant to Circuit Rule 35-4 or 40-1, the attached petition for

panel rehearing/petition for rehearing en banc/response to petition is *(select one)*:

[x] Prepared in a format, typeface, and type style that complies with Fed. R. App.
    P. 32(a)(4)-(6) and **contains the following number of words:**
    4147.
    *(Petitions and responses must not exceed 4,200 words)*

**OR**

[  ] In compliance with Fed. R. App. P. 32(a)(4)-(6) and does not exceed 15 pages.

**Signature**   /s/ *Melinda Cantrall*   **Date** May 25, 2023
*(use "s/[typed name]" to sign electronically-filed documents)*

# ADDENDUM FOR STATUTES AND CONSTITUTIONAL PROVISIONS SUBMITTED PURSUANT TO CIRCUIT RULE 28-2.7

## CONSTITUTIONAL PROVISIONS

### 42 U.S.C. § 1983 (Civil action for deprivation of rights)

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

### Fifth Amendment to the United States Constitution

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

# CIRCUIT RULE 40-1(c) ATTACHMENT

# (EXHIBIT "A")

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERENCE B. TEKOH, | No.　18-56414 |
| Plaintiff-Appellant, | D.C. No.<br>2:16-cv-07297-GW-SK |
| v. | |
| COUNTY OF LOS ANGELES; DENNIS STANGELAND, Sergeant; CARLOS VEGA, Deputy, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; DOES, 1 to 10, | |
| Defendants. | |

On Remand from the United States Supreme Court

Before: MURGUIA, Chief Judge, and WARDLAW and MILLER, Circuit Judges.
Dissent by Judge MILLER.

Following a federal trial, Terence Tekoh appealed the district court's

decisions to (1) instruct the jury that a § 1983 claim could not be grounded in a

*Miranda* violation alone, and (2) exclude the testimony of Tekoh's coerced

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

confessions expert, Dr. Iris Blandón-Gitlin.  We ruled in favor of Tekoh on the *Miranda* issue, but the Supreme Court reversed that decision.  *See Vega v. Tekoh*, 142 S. Ct. 2095, 2101 (2022).  On remand, Tekoh concedes that his *Miranda* claim is no longer viable, but maintains that he is entitled to a new trial on his Fifth Amendment coercion claim because the district court improperly excluded Dr. Blandón-Gitlin's testimony.

We review a district court's decision to exclude expert testimony for abuse of discretion.  *United States v. Redlightning*, 624 F.3d 1090, 1110 (9th Cir. 2010).  Exercising jurisdiction under 28 U.S.C. § 1291, we reverse.

The district court erred in excluding Dr. Blandón-Gitlin's testimony on coerced confessions.  Expert testimony is admissible if it will "help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a).  "Whether testimony is helpful within the meaning of Rule 702 is in essence a relevance inquiry."  *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002).  "Our case law recognizes the importance of expert testimony when an issue appears to be within the parameters of a layperson's common sense, but in actuality, is beyond their knowledge."  *United States v. Finley*, 301 F.3d 1000, 1013 (9th Cir. 2002).[1]

---

[1] Defendants-Appellees only contest whether Dr. Blandón-Gitlin's testimony would be helpful to the jury—i.e., its relevance—and do not contest that her

2

Dr. Blandón-Gitlin's testimony was relevant to Tekoh's case, as she would have opined on how the text of confessions can indicate classic symptoms of coercion, and would have explained to the jury how Deputy Vega's tactics could elicit false confessions. She planned to testify that the apologies and excuses in Tekoh's statement demonstrate that Deputy Vega utilized minimization tactics— classic coercion—to elicit incriminating admissions. She would also explain to the jury the significance of Deputy Vega's use of a false evidence ploy when he told Tekoh there was video evidence. A jury could benefit from Dr. Blandón-Gitlin's expert knowledge about the science of coercive interrogation tactics, which Deputy Vega employed here, and how they could elicit false confessions. *See United States v. Halamek*, 5 F.4th 1081, 1088–89 (9th Cir. 2021) (affirming admission of psychological phenomenon where it would help explain that phenomenon to the jury). Because false confessions are an issue beyond the common knowledge of the average layperson, "jurors would have been better equipped to evaluate [Tekoh's] credibility and the confession itself had they known of the identified traits of stress-compliant confession and been able to compare them to [his] testimony." *Lunbery v. Hornbeak*, 605 F.3d 754, 765 (9th Cir. 2010) (Hawkins, J., concurring).

---

testimony is based upon sufficient data or that her conclusions are the product of reliable principles and methods. *See Redlightning*, 624 F.3d at 1110.

The district court incorrectly concluded that Dr. Blandón-Gitlin's testimony would impermissibly vouch for or buttress Tekoh's credibility. Her testimony, however, was not that Tekoh was credible, but "assum[ing] the veracity" of Tekoh's claims, she concluded that Deputy Vega used these coercive tactics. Expert testimony that corroborates a witness's testimony is not a credibility assessment or improper buttressing, even if it implicitly lends support to that person's testimony. *Cf. Reed v. Lieurance*, 863 F.3d 1196, 1209 (9th Cir. 2017) ("While [a]n expert witness is not permitted to testify specifically to a witness'[s] credibility, we know of no rule barring expert testimony because it might indirectly impeach the credibility of an opposing party's testimony." (internal quotation marks and citations omitted)).

Appellees argue that Dr. Blandón-Gitlin's testimony lacked probative value because the falsity of the confession was not at issue in the case. According to the appellees and the dissent, even if the jury believed the confession was true, it was "well-equipped" to conclude that Deputy Vega's tactics—racial slurs, threats of deportation, approaching Tekoh with his hand on his gun—were unconstitutionally coercive without Dr. Blandón-Gitlin's testimony. But despite the apparent obviousness of the coercion, at the second trial, the defendants repeatedly disputed that Vega used coercive tactics. And the expert's proposed testimony was not simply about false confessions, but the coercive questioning tactics that lead to

them. Dr. Blandón-Gitlin's testimony would help the jury better understand coerced confessions, including why just asking questions can be coercive, issues that are beyond a layperson's understanding and not necessarily obvious, even in these circumstances. *See Lunbery*, 605 F.3d at 763 (Hawkins, J., concurring) (stating that it is "hard to imagine anything more difficult to explain to a lay jury" than the fact that the alleged perpetrator could have confessed to a crime he did not commit).

Because the circumstances surrounding Tekoh's confession go to the heart of his case, excluding expert testimony contextualizing his account was crucial to the outcome. Accordingly, we reverse and remand for a new trial on Tekoh's Fifth Amendment claim.

**REVERSED AND REMANDED.**

FILED

*Tekoh v. County of Los Angeles*, No. 18-56414

MAY 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MILLER, Circuit Judge, dissenting:

The jury had to decide who was telling the truth about the circumstances of Tekoh's interrogation by Deputy Vega: Tekoh or Vega. The proffered expert testimony of Dr. Blandón-Gitlin would not have been helpful to the jury in making that decision, so the district court did not abuse its discretion in excluding it.

To be admissible, expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Expert testimony is not helpful if the factfinder is "well equipped" to determine the issue "'without enlightenment from those having a specialized understanding of the subject involved in the dispute.'" *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.*, 618 F.3d 1025, 1040–41 (9th Cir. 2010) (quoting Fed. R. Evid. 702 advisory committee's note).

In this case, no specialized understanding was necessary to assess the evidence of the allegedly coercive interrogation. As the district court explained, "this matter came down to a question of credibility"—if the jury believed Tekoh's account of the interrogation, then it would have been obvious that "the confession was indeed coerced." Tekoh said that when he tried to leave the room, Vega rushed at him, stepped on his toes, and threatened, "I'm about to put your black ass where it belongs, about to hand you over to deportation services, and you and your entire

1

family will be rounded up and sent back to the jungle." According to Tekoh, Vega then ordered him to sit down, handed him a pen and paper, and dictated a confession for him to write. When Tekoh hesitated, Vega allegedly put his hand on his gun. It does not take an expert to see how that would have been coercive.

According to Tekoh, an expert might have explained that he was also subject to other, subtler pressures. But every situation is theoretically susceptible to some sort of expert analysis. It does not follow that such an analysis would be helpful to the jury, especially not when common sense will do. The jury did not need a psychologist to explain that an officer's putting a hand on his gun would be threatening, any more than it needed a podiatrist to explain that an officer's stepping on a suspect's toes would be painful.

Even if a general discussion of coerced confessions had a role to play in this case, that is not what Dr. Blandón-Gitlin would have offered. Rather, she intended to testify about the coercion of Tekoh's confession in particular. Courts "routinely exclude" testimony by psychological experts who seek to apply general concepts to individual witnesses, because such testimony often amounts to a credibility assessment. *Yu v. Idaho State Univ.*, 15 F.4th 1236, 1246 (9th Cir. 2021) (Miller, J., concurring) (citing cases). Credibility is a matter for the jury to decide, so "[a]n expert witness is not permitted to testify specifically to a witness' credibility or to

2

testify in such a manner as to improperly buttress a witness' credibility." *United States v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989).

Dr. Blandón-Gitlin's testimony would have violated that principle. She expressly assumed "the veracity of Mr. Tekoh's accounts of events," thus assuming that his confession was coerced. She would have invoked her expertise to press that conclusion on the jury. "From a scientific and professional perspective," she opined, "the content of [Tekoh's] statement, as a key piece of evidence of the alleged crime[,] is of poor quality." She described part of Tekoh's confession as a "textbook example" of "minimization tactics," or "face-saving excuses the interrogator creates" that "exponentially increase false confessions." In so doing, she foreclosed the alternative interpretation that Tekoh's "face-saving excuses" were just that—efforts to minimize the seriousness of an offense he had actually committed. Jurors have little room to draw their own conclusions about who is telling the truth when an expert uses the contested statement as the "textbook example" of falsity.

In any event, even if there were some basis for admitting Dr. Blandón-Gitlin's testimony, that does not mean that the district court abused its discretion in excluding it. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997). Under the abuse-of-discretion standard, we must uphold the district court's decision "unless the ruling is manifestly erroneous." *Id.* at 142 (quoting *Spring Co. v. Edgar*, 99

3

U.S. 645, 658 (1879)). Tekoh has not come close to meeting that standard, so I would affirm the judgment of the district court.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** | 18-56414

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

PETITION FOR PANEL REHEARING AND REHEARING EN BANC

**Signature** | /s/ Edilma Bernal | **Date** | May 25, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 15** | *Rev. 12/01/2018*